E-FILED
Tuesday, 12 August, 2025  12:46:28 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

|  |  |
|---|---|
| ANDEL JOWERS, | ) |
|  | ) |
| Plaintiff, | ) Case No: **25-cv-1336** |
|  | ) |
| v. | ) |
|  | ) Complaint for Violation of Civil |
| JEAN L. MANSOUR, PEORIA | ) Rights and Supplemental State Law |
| POLICE OFFICERS JORDAN BLAIN | ) Claims |
| AND JAKE MARKELLO, and CITY OF | ) |
| PEORIA, | ) |
|  | ) **JURY DEMANDED** |
| Defendants. | ) |
|  | ) |
|  | ) |
|  | ) |

**COMPLAINT**

NOW COMES Plaintiff, Andel Jowers, by and through their attorney, ED

FOX & ASSOCIATES, LTD., and complaining of Defendants, Jean L. Mansour,

Peoria Police Officers Jordan Blain and Jake Markello, and the City of Peoria, and

states as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights

   Act of 1871 (42 U.S.C. § 1983). This Court has jurisdiction under and by

   virtue of 28 U.S.C § 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. § 1391 as the acts

   complained of arose in this district.

1

**PARTIES**

3.  At all times herein mentioned, Andel Jowers, (hereinafter "Plaintiff"), was and is a citizen of the United States and was within the jurisdiction of this Court.

4.  At all times mentioned, Defendant Jean L. Mansour, also known by John Mansour (hereinafter "Defendant John" or "John"), is a resident of Peoria, Illinois, and owns John's Automotive Repair Shop located in Peoria, Illinois. Jean was Plaintiff's mechanic and was servicing Plaintiff's vehicle at the time of this incident giving rise to this suit.

5.  At all times mentioned, Defendants, Jordan Blain ("Blain") and Jake Markello ("Markello"), were employed by the City of Peoria Police Department and were acting under color of state law and as the employee, agent, or representative of the City of Peoria Police Department. These Defendants are being sued in their individual capacities.

6.  At all times herein mentioned, the City of Peoria was a political division of the State of Illinois, existing as such under the law of the State of Illinois. At all relevant times, the City of Peoria maintained, managed, and/or operated the City of Peoria Police Department.

**FACTUAL ALLEGATIONS**

7.  On or around April 25, 2025, Plaintiff was provided a loaner vehicle by his mechanic, John, from John's Automotive.

2

8.  On or around May 1, 2025, John reported the vehicle stolen, alleging not having seen the vehicle since April 22, 2025.

9.  The vehicle was parked in front of the Plaintiff's home on or around May 2, 2025 as he had been given the car to use because of repairs to Plaintiff's vehicle.

10. In the dead of night on or around May 2, 2025, Defendants Blain and Markello aggressively banged on Plaintiff's door after going onto Plaintiff's front porch.

11. Plaintiff opened his door and engaged Defendants in conversation.  They asked him about the car in front of his residence, and Plaintiff denied the vehicle being stolen; however, Defendants refused to listen.

12. Defendants proceeded to reach inside of Plaintiff's home and grabbed and pulled Plaintiff outside of his home.

13. Defendants did not have a warrant to arrest Plaintiff or to enter Plaintiff's home.

14. Once outside, Defendants handcuffed Plaintiff. Defendants yanked Plaintiff's wrists aggressively, pulling them upwards and towards Plaintiff's back. Plaintiff did nothing to resist.

15. After handcuffing Plaintiff, Defendants moved Plaintiff to the backseat of their police car.

16. While Plaintiff was handcuffed, Defendants entered Plaintiff's home to retrieve the Plaintiff's cell phone and the vehicle's keys, while the Plaintiff's child was asleep on the couch.

17. Defendants read Plaintiff his Miranda Rights while he sat detained in the back seat of the Defendant's police car.

18. After confirming with John that the vehicle was in fact not stolen, Defendants released and then apologized to Plaintiff.

19. The duration of Plaintiff and Defendant's interaction lasted approximately one (1) hour.

20. Plaintiff was injured as a result of Defendants' actions and consequently was admitted to the emergency room later that night because of arm pain.

21. Plaintiff has undergone and continues to receive treatment for his injured arm, including pain management medication and physical therapy, and is presently scheduled to undergo surgery.

### Count I

**PLAINTIFF AGAINST DEFENDANT BLAIN AND DEFENDANT MARKELLO FOR FALSE ARREST AND/OR UNLAWFJUL DETENTION PURSUANT TO 42 U.S.C. § 1983.**

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) as though fully set forth at this place.

23. Defendant Blain and Defendant Markello, each individually acted to deprive Plaintiff of his Fourth Amendment rights by handcuffing, arresting, detaining, and/or otherwise seizing Plaintiff without any probable cause or other legal cause.

24. Defendants acted in the dead of night, but failed to obtain a warrant despite that reasonable ability to obtain one, and that there were no exigent circumstances which could obviate the need for a warrant.

25. Plaintiff was subsequently handcuffed and taken into custody, as he was placed in the back seats of the Defendants' police car and read his Miranda Rights. Plaintiff was not allowed to leave, nor was he allowed to return to his home where his child was sleeping.

26. By reasons of the conduct of the Defendants, and each of them, Plaintiff was deprived of the rights, privileges, and immunities secured by him by the Fourth Amendment to the Constitution of the United States and law enacted thereunder.

27. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. §1983.

### Count II

**PLAINTIFF AGAINST DEFENDANT BLAIN AND DEFENDANT MARKELLO FOR A WRONGFUL ENTRY AND/OR SEARCH OF PLAINTIFF'S PROPERTY PURSUANT TO 42 U.S.C. § 1983.**

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) as though fully set forth at this place.

29. As alleged above, Defendant Blain and Defendant Markello wrongfully entered and/or searched Plaintiff's property without legal cause and without a warrant.

30. By reasons of the conduct of the Defendants, and each of them, Plaintiff was deprived of the rights, privileges, and immunities secured by him by the Fourth Amendment to the Constitution of the United States and law enacted thereunder.

31. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. §1983.

### Count III

**PLAINTIFF AGAINST DEFENDANT BLAIN AND DEFENDANT MARKELLO FOR EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983.**

32. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) as though fully set forth at this place.

33. As mentioned above, Defendants yanked Plaintiff's wrist aggressively, pulling them upwards and towards Plaintiff's back, when falsely arresting Plaintiff.

34. Defendants, and each of them, forcefully and unreasonably used an unnecessary amount of force in detaining and handcuffing Plaintiff, causing pain and injury.

35. Defendants had no just cause to use the above-mentioned force against the Plaintiff.

36. As a result, the Plaintiff was injured physically, emotionally, and otherwise by losing certain constitutionally protected liberty rights.

37. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## Count IV

### PLAINTIFF AGAINST THE CITY OF PEORIA FOR THE STATE LAW CLAIM OF FALSE IMPRISONMENT

38. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) as though fully set forth at this place.

39. As a result of the actions of the individual Defendants as alleged above, Plaintiff was falsely imprisoned.

40. The City of Peoria is liable to Plaintiff by virtue of *respondeat superior*.

41. The foregoing constitutes the state law tort of false imprisonment.

## Count V

### PLAINTIFF AGAINST DEFENDANT MANSOUR FOR THE STATE LAW CLAIM OF NEGLIGENCE AND FALSE IMPRISONMENT

42. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-eight (38) as though fully set forth at this place.

43. As mentioned above, Defendant John knowingly reported his vehicle as stolen on May 1, 2025, alleging not having seen the vehicle since April 22, 2025, despite willfully lending Plaintiff the vehicle on or about April 25, 2025.

44. Plaintiff was falsely imprisoned and arrested by Peoria Police Officers as a result of this false report on May 2, 2025.

45. Defendant Mansour negligently, intentionally, willfully, and wantonly, provided false information to the Peoria Police Department which served as the sole basis for Plaintiff's false arrest and imprisonment.

46. Defendant Mansour directly caused and procured an arrest without reasonable grounds to believe that a crime or offense was committed.

47. Defendant Mansour had a duty to Plaintiff not to falsely report that Plaintiff had stolen his car and Mansour breached that duty when he caused the police to arrest Plaintiff.

48. As a direct and proximate result of Defendant's actions, Plaintiff was falsely imprisoned.

49. The foregoing constitutes the state law tort of false imprisonment.

**WHEREFORE**, the Plaintiff, by and through their attorneys, ED FOX AND ASSOCIATES, request judgment as follows against the Defendants, and each of them:

1. That the Defendants, and each of them, be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That all Defendants be required to pay Plaintiff's special damages;

3. That the individual Defendants be required to pay Plaintiff's attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, § 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants, and each of them, and other unnamed and unknown Defendants other than the City of Peoria, be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff 118 North Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
118 North Clinton St.
Suite 425
Chicago, Illinois 60661 (312)
345-8877
efox@efox-law.com