E-FILED
Monday, 27 October, 2025  07:29:40 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ANDEL JOWERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-01336 |
| | ) | |
| JEAN L. MANSOUR, JORDAN BLAIN, | ) | |
| JAKE MARKELLO, AND CITY OF | ) | |
| PEORIA, A  CORPORATION, | ) | |
|     Defendants. | ) | |

**DEFENDANT JEAN L. MANSOUR'S ANSWER
TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, JEAN L. MANSOUR, by and through his attorney, Sharbel A. Rantisi of RANTISI LAW LLC, and states the following in support of his Answer to the Complaint:

1. Based on the allegations made in the Complaint, Defendant Mansour admits the statements made in Paragraph 1 of the Complaint.

2. Based on the allegations made in the Complaint, Defendant Mansour admits the statement made in Paragraph 2 of the Complaint.

3. Defendant Mansour is without sufficient information and/or knowledge regarding the statement made in Paragraph 3 of the Complaint, and as such, he denies the same.

4. Defendant Mansour admits the statement made in Paragraph 4 of the Complaint.

5. Defendant Mansour is without sufficient information and/or knowledge regarding the statement made in Paragraph 5 of the Complaint, and as such, he denies the same.

6. Defendant Mansour admits the statement made in Paragraph 6 of the Complaint.

7. Defendant Mansour admits the statement made in Paragraph 7 of the Complaint.

8. Defendant Mansour denies the allegations made in Paragraph 8 of the Complaint. Furthermore, Defendant Mansour states that he called the Peoria Police Department and reported that the vehicle ("the loaner vehicle") was missing as a result of the Plaintiff's refusal to return the loaner vehicle to John's Automotive Repair Shop despite several requests made by Defendant Mansour to the Plaintiff to return the loaner vehicle.

9. Defendant Mansour is without sufficient information and/or knowledge regarding the statement regarding the location of the loaner vehicle, and as such, he denies the same. Additionally, Defendant Mansour denies the allegation that the Plaintiff had been *given* the loaner vehicle to use because of repairs being made to Plaintiff's vehicle.

10. Defendant Mansour is without sufficient information and/or knowledge regarding the allegations made in Paragraph 10 of the Complaint, and as such, he denies the same.

11. Defendant Mansour is without sufficient information and/or knowledge regarding the allegations made in Paragraph 11 of the Complaint, and as such, he denies the same.

12. Defendant Mansour is without sufficient information and/or knowledge regarding the allegations made in Paragraph 12 of the Complaint, and as such, he denies the same.

13. Defendant Mansour is without sufficient information and/or knowledge regarding the allegation made in Paragraph 13 of the Complaint, and as such, he denies the same.

14. Defendant Mansour is without sufficient information and/or knowledge regarding the allegations made in Paragraph 5 of the Complaint, and as such, he denies the same.

15. Defendant Mansour is without sufficient information and/or knowledge regarding the allegation made in Paragraph 15 of the Complaint, and as such, he denies the same.

16. Defendant Mansour is without sufficient information and/or knowledge regarding the allegations made in Paragraph 16 of the Complaint, and as such, he denies the same.

17. Defendant Mansour is without sufficient information and/or knowledge regarding the allegation made in Paragraph 17 of the Complaint, and as such, he denies the same.

18. Defendant Mansour admits the statement regarding the police officers confirming with him that the loaner vehicle was not stolen. Additionally, Defendant Mansour is without sufficient information and/or knowledge regarding the fact that the police officers released and then apologized to the Plaintiff made in Paragraph 18 of the Complaint, and as such, he denies the same.

19. Defendant Mansour is without sufficient information and/or knowledge regarding the allegation made in Paragraph 19 of the Complaint, and as such, he denies the same.

20. Defendant Mansour is without sufficient information and/or knowledge regarding the statement made in Paragraph 20 of the Complaint, and as such, he denies the same.

21. Defendant Mansour is without sufficient information and/or knowledge regarding the statement made in Paragraph 21 of the Complaint, and as such, he denies the same.

## Count I

22-27. As Count I was n ot levied against Defendant Mansour, he provides no answer to the same.

## Count II

28-31. As Count II was not levied against Defendant Mansour, he provides no answer to the same.

## Count III

32-37. As Count III was not levied against Defendant Mansour, he provides no answer to the same.

## Count IV

38-41. As Count IV was not levied against Defendant Mansour, he provides no answer to the same.

### Count V

42. [intentionally left blank]

43. Defendant Mansour denies the allegations made in Paragraph 43 of the Complaint. Furthermore, Defendant Mansour states that he called the Peoria Police Department and reported that the loaner vehicle was missing as a result of the Plaintiff's refusal to return the vehicle to John's Automotive Repair Shop despite several requests made by Defendant Mansour to the Plaintiff to return the loaner vehicle.

44. Defendant Mansour is without sufficient information and/or knowledge regarding the allegations made in Paragraph 44 of the Complaint, and as such, he denies the same.

45. Defendant Mansour denies the allegations made in Paragraph 45 of the Complaint.

46. Defendant Mansour denies the allegations made in Paragraph 46 of the Complaint.

47. Defendant Mansour denies the allegations made in Paragraph 47 of the Complaint.

48. Defendant Mansour denies the allegations made in Paragraph 48 of the Complaint as it relates to direct and proximate result of Defendant Mansour's actions. Additionally, Defendant Mansour is without sufficient information and/or knowledge regarding the allegation made in Paragraph 48 of the Complaint that the Plaintiff was falsely imprisoned, and as such, he denies the same.

49. Defendant denies the allegations made in Paragraph 49 of the Complaint.

WHEREFORE, the Defendant, JEAN L. MANSOUR, respectfully requests that the relief requested in the Complaint as it relates to Count V be denied, and for any other relief that the Court deems necessary and equitable under the circumstances.

**AFFIRMATIVE DEFENSES**

50. Estoppel. The loaner vehicle was the property of Defendant Mansour. Defendant Mansour requested of the Plaintiff that the vehicle be returned to him, but the Plaintiff refused to return the vehicle. Defendant Mansour made several requests of the Plaintiff to return the vehicle, but the Plaintiff ignored said requests. Defendant Mansour relied on the representations made by the Plaintiff when providing the loaner vehicle to the Plaintiff, but the Plaintiff failed to return the loaner vehicle when the work on the Plaintiff's vehicle was complete as the parties have agreed.

51. Fraud. The Plaintiff represented that he would need the loaner vehicle while Plaintiff's personal vehicle was being worked on at John's Automotive Repair Shop. Plaintiff represented that he would only need the loaner vehicle until such time as the Plaintiff's personal vehicle was being worked on. Despite being informed that his vehicle was completed, that he needed to come pay for the work that was done, and that he needed to return the loaner vehicle, the Plaintiff kept the loaner vehicle past the time agreed upon between the parties and stopped communication with Defendant Mansour.

52. Failure of consideration. The Plaintiff represented that he would need the loaner vehicle while Plaintiff's personal vehicle was being worked on at John's Automotive Repair Shop. Plaintiff represented that he would only need the loaner vehicle until such time as the Plaintiff's personal vehicle was being worked on. Despite being informed that his vehicle was completed, that he needed to come pay for the work that was done, and that he needed to return the loaner vehicle, the Plaintiff kept the loaner vehicle past the time agreed upon between the parties and stopped communication with Defendant Mansour. Plaintiff also failed to pay in-full for the services completed by Defendant Mansour.

JEAN L. MANSOUR, Defendant
By and through his Attorneys,

DATE: 10/27/2025                       /s/ Sharbel A. Rantisi

Sharbel A. Rantisi
Attorney for Jean L. Mansour
4812 N Prospect Road
Peoria Heights, Illinois 61616
Telephone: (309) 285-0424
Facsimile: (309) 285-8870
srantisi@gmail.com

THIS DOCUMENT PREPARED BY:

Sharbel A. Rantisi, Rantisi Law LLC
Attorney for Jean L. Mansour
4812 N. Prospect Road
Peoria Heights, IL 61616
Phone: (309) 285-0424
Facsimile: (309) 285-8870
srantisi@gmail.com
rantisiparalegal@gmail.com
Attorney No.: 6293608

Under penalties as provided by law pursuant to Section 1-109 of the Civil Code of Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matter, the undersigned certifies as aforesaid that he verily believes same to be true.

_____
JEAN L. MANSOUR

STATE OF ILLINOIS   )
                                      ) SS
COUNTY OF PEORIA )

     I, the undersigned, a Notary Public, in and for said County and State aforesaid, DO HEREBY CERTIFIY that JEAN L. MANSOUR, in his own right, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed, and delivered said instrument as his free and voluntary act, for the uses and purposes therein set forth.

     Given under my hand and notarial seal this _____ day of October, 2025.

_____
(Notary Public)

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of October, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward M. Fox
Ed Fox & Associates
118 North Clinton Street
Suite 425
Chicago, IL 60661
efox@efox-law.com

G. David Mathues
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143
dmathues@hcbattorneys.com

        /s/ Sharbel A. Rantisi      
Sharbel A. Rantisi
Attorney for Jean L. Mansour
4812 N Prospect Road
Peoria Heights, Illinois 61616
Telephone: (309) 285-0424
Facsimile: (309) 285-8870
srantisi@gmail.com
